UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES FABIUS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-02526-MTS |
| | ) | |
| MEDINEXO USA, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file in preparation for ruling on pending motions. The Court, though, notes an issue with subject matter jurisdiction. *See Bueford v. Resolution Tr. Corp.*, 991 F.2d 481, 485 (8th Cir. 1993) (noting lack of subject matter jurisdiction "may be raised at any time by a party to an action, or by the court *sua sponte*"). The purported subject matter jurisdictional basis for this case is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Doc. [64] ¶ 7.[1] To have diversity jurisdiction in this case, besides the amount in controversy exceeding $75,000, all plaintiffs must be diverse from all defendants in such a way that "no defendant is a citizen of the same state as any plaintiff." *Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003). Plaintiffs, though, have not sufficiently pleaded the citizenship for all parties because they have not pleaded the citizenship of the members of the two LLC Defendants. *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding an LLC's citizenship is that of its

---

[1] Paragraph seven of the First Amended Complaint discusses diversity jurisdiction but cites to 28 U.S.C. § 1331, the statute providing jurisdiction to district courts for federal questions, instead of § 1332. This appears only to be a typo as no federal questions are apparent on the face of the First Amended Complaint. *See generally*, Doc. [64]; *see also* Doc. [1-1] (civil cover sheet noting diversity as basis of jurisdiction in this matter).

members for diversity jurisdiction purposes). Thus, the Court cannot determine whether it has jurisdiction in this case.

If Plaintiffs can establish this Court's jurisdiction, they shall file a Second Amended Complaint. The Complaint should not make any substantive changes without leave of Court or the written consent of Defendants.[2] *See* Fed. R. Civ. P. 15(a). Plaintiffs shall file the Second Amended Complaint within twenty-one (21) days. Defendants then will have twenty-one (21) days from the date of the Second Amended Complaint's filing to file "any required response." *See id.* Defendants, for example, may refile their Motion to Dismiss, see Doc. [72], or may answer.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs shall, in accordance with this Memorandum and Order, file a Second Amended Complaint within twenty-one (21) days of this date.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, Doc. [72], is **DENIED** without prejudice as moot.

**IT IS FINALLY ORDERED** that Defendants shall file any required response to the Second Amended Complaint within twenty-one (21) days its filing.

Dated this 17th day of June, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

[2] The Second Amended Complaint should, though, reflect the dismissal of any party or claim that occurred since the filing of the First Amended Complaint. *See, e.g.*, Doc. [87].