## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CHARLES FABIUS, *et al.*,  )  )  Plaintiffs,  )  )  vs.  )  )  MEDINEXO USA, LLC & JORGE TORO,  )  )  Defendants.  ) | Case No. 4:19-cv-02526-MTS |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendants Medinexo USA, LLC and Jorge Toro's Motion to Dismiss the Second Amended Complaint, Doc. [102]. For the reasons stated herein, the Court will deny the Motion as to Count One and Count Two and will allow Plaintiff an opportunity to show cause why the Court should not grant the Motion as to Count Three.

**I.     Procedural Background**[1]

Plaintiffs Charles Fabius and FabCorpNY, LLC ("FabCorpNY") filed the instant action in this Court against the two remaining Defendants, Medinexo USA, LLC ("Medinexo") and Jorge Toro, and three now-dismissed others, DrXpert Cloud Founders, LLC ("DrXpert"), Thomas Zink, and Ron Adelman. Plaintiffs' original Complaint asserted the following causes of action: Violations of the New York State Franchise Sales Act ("NYFSA"), §§ 683 and 687 (Count One); Violations of the New Jersey Consumer Fraud Act ("NJCFA"), §§ 56.8-1, *et seq.* (Count Two); Fraud in the Inducement (Count Three); and Breach of Contract (Count IV).

Plaintiffs voluntarily dismissed Defendant Zink. Doc. [21]. Defendant Adelman moved to dismiss the case against him, Doc. [32], and Defendants Medinexo and Toro jointly also

---

[1] For a factual background of this action, see the Court's Memorandum and Order ruling on the motions to dismiss the original Complaint, Doc. [63] (available at 2020 WL 1666468). *See also* Doc. [101] ¶¶ 12–66.

moved to dismiss, Doc. [52]. The Court[2] granted the motions to dismiss in part, denied them without prejudice in part, and gave Plaintiffs leave to amend the Complaint. Doc. [63]. Plaintiffs subsequently filed a First Amended Complaint against Defendants Adelman, Medinexo, and Toro. Doc. [64]. The First Amended Complaint dropped the NJCFA claim, leaving the NYFSA, fraud in the inducement, and breach of contract claims. Defendants Medinexo and Toro moved to dismiss the NYFSA and fraud in the inducement claims, Doc. [72], and Plaintiffs voluntarily dismissed their claims against Defendant Adelman with prejudice. Doc. [87].

Prior to ruling on Defendants Medinexo and Toro's Motion to Dismiss Counts One and Two of the First Amended Complaint, however, the Court noted Plaintiffs had not established the Court's subject matter jurisdiction. The Court ordered Plaintiffs to file a Second Amended Complaint that established subject matter jurisdiction, if Plaintiffs could. Doc. [100]. The Court noted that Plaintiffs "should not make any substantive changes without leave of Court or the written consent of Defendants." *Id.* at 2 (citing Fed. R. Civ. P. 15(a)). Plaintiffs timely filed their Second Amended Complaint asserting the same three claims as those in the First Amended Complaint but against Medinexo and Toro only; "Plaintiffs no longer assert[ed] claims against DrXpert Cloud Founders, LLC." Doc. [101] at 2. Defendants Medinexo and Toro, the sole remaining Defendants, jointly moved to dismiss all three of the claims against them. Doc. [102]. It is this Motion to Dismiss the Second Amended Complaint that is now before the Court.

II. **Discussion**

    A. *Jurisdiction*

Defendants first argue that Plaintiffs failed to establish the Court's subject matter jurisdiction over this action in the Second Amended Complaint because Plaintiffs dropped

---

[2] This case was transferred to the undersigned after the Court's ruling on these motions to dismiss. *See* Doc. [85].

DrXpert as a party. Since Plaintiffs dropped DrXpert as a party, they did not allege facts to establish its citizenship. Defendants assert that by dropping DrXpert Plaintiffs have failed to establish diversity because "[d]iversity must be established as of the date of the filing of the action," and DrXpert was a party as of the date of the filing of the action. Doc. [103] at 4–5 (citing *Fenner v. Wyeth*, 912 F. Supp. 2d 795, 800 (E.D. Mo. 2012)). Defendants are correct that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)). But even if DrXpert was a non-diverse Defendant that would have deprived this Court of jurisdiction, "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Grupo*, 541 U.S. at 573–74 (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)); *see also* Fed. R. Civ. P. 21. Defendants make no argument that DrXpert was an indispensable party, nor does it appear at all to the Court that it was indispensable. Thus, even if DrXpert was non-diverse at the time of the filing of the action, it could have been dropped at any time. Plaintiffs successfully have established this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(1).

    B.    *Failure to State a Claim*

        i.    <u>Count One and Count Two</u>

Count one alleges violations of the New York State Franchise Sales Act ("NYFSA") under N.Y. Gen Bus. Law § 683. Count Two alleges fraud in the inducement.[3] Plaintiffs alleged

---

[3] Plaintiffs' common law counts, Counts Two and Three, do not specify under what jurisdiction's common law they are advanced. "There is no federal general common law." *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). As a result, it is "well-settled that in a suit based on diversity of citizenship jurisdiction the federal courts apply federal law as to matters of procedure but the substantive law of the relevant state." *Hiatt v. Mazda Motor Corp.*, 75 F.3d 1252, 1255 (8th Cir. 1996) (citing *Erie*, 304 U.S. at 64). Normally, when deciding which state's law to apply, "federal courts exercising diversity jurisdiction apply the forum state's choice-of-law principles" to determine what substantive law the forum would apply. *Simmons Foods, Inc. v. Indus. Risk Insurers*, 863 F.3d 792, 797 (8th Cir. 2017). But, here, since "[n]either side contends the law of a state other than [Missouri] applies" to this case, then,

both these claims in their original complaint, Doc. [1], and Defendants moved to dismiss them, Doc. [52]. In ruling on that motion to dismiss the original complaint, the Court issued a Memorandum and Order, Doc. [63], that granted Plaintiffs leave to amend and addressed the deficiencies Plaintiffs needed to cure. *See id.* at 10, 14. After review and consideration, the Court concludes Plaintiffs added sufficient facts to the Second Amended Complaint that address the issues raised by the Court. *See, e.g.*, Doc. [101] ¶¶ 24, 36, 42, 77. Accordingly, the Court will deny Defendants' Motion to Dismiss the Second Amended Complaint as to Count One and Count Two.

ii.     Count Three

Count Three of the Second Amended Complaint alleges breach of contract. Plaintiffs' original complaint also contained a breach of contract claim that Defendants sought to dismiss. Docs. [1], [52]. In ruling on the original motion to dismiss, the Court found the breach of contract claim had fatal flaws but granted Plaintiffs leave to amend, like the Court did with the NYFSA and fraud in the inducement claims. Doc. [63] at 18–19. Plaintiffs Second Amended Complaint squarely addressed the issue the Court noted by alleging more facts. *See, e.g.*, Doc. [101] ¶¶ 49, 86. Defendants, though, also had raised an additional argument regarding the breach of contract claim in the Motion to Dismiss the Second Amended Complaint, see Doc. [102] ¶ 6, which they were free to do, see Doc. [100] at 2. Puzzlingly, Plaintiffs did not respond to the Motion to Dismiss with regard to Count Three at all. *See generally* Doc. [104]; *see also, e.g., id.* at 15 ("For these reasons, Defendants Medinexo and Toro's motion to dismiss Counts I and II of the Second Amended Complaint should be denied.").

---

"because it [i]s the forum state," Missouri's law applies "by default." *BBSerCo, Inc. v. Metrix Co.*, 324 F.3d 955, 960 n.3 (8th Cir. 2003); *accord Progressive N. Ins. Co. v. McDonough*, 608 F.3d 388, 390 (8th Cir. 2010) ("Minnesota law applies, as Minnesota is the forum state and neither party has raised a choice-of-law claim."); *Cont'l Cas. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 812 F.3d 1147, 1149 (8th Cir. 2016). *See also Smith v. Gen. Motors LLC*, 988 F.3d 873, 878 (6th Cir. 2021) (noting that it was "troubling" and "odd" that plaintiffs "failed to specify which jurisdiction's laws" would "govern their suit").

Given that Defendants' Motion to Dismiss the First Amended Complaint only sought dismissal of Counts One and Two, Doc. [72], Plaintiffs' omission in their response to the Motion to Dismiss the Second Amended Complaint appears possibly to have been an oversight.  The Court will provide Plaintiffs with an opportunity to show cause why it should not grant Defendants' Motion to Dismiss Count Three of the Second Amended Complaint and thereby dismiss Count Three with prejudice.  The Court will construe any failure to respond as an abandonment of Plaintiffs' claim and dismiss Count Three with prejudice.  *See Thomas v. Walmart Stores, LLP*, No. 4:13-cv-00565-HEA, 2014 WL 117645, at *2 (E.D. Mo. Jan. 13, 2014) (dismissing claim where plaintiff "utterly failed to address" defendant's dismissal argument because the court "construe[d] such failure as an abandonment of [p]laintiff's claims").  Plaintiffs' response to the Court's order may not exceed four pages and must be filed no later than Friday, January 28, 2022.  Defendants may then file a reply, which also may not exceed four pages, no later than Wednesday, February 2, 2022.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [102], is **DENIED** as to Count One and Count Two of the Second Amended Complaint.

**IT IS FURTHER ORDERED** that, consistent with this Memorandum and Order, Plaintiffs shall show cause why Defendants' Motion to Dismiss should not be granted as to Count Three.

Dated this 21st day of January, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE